DON E. OLSEN AND MARJORIE T. OLSEN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 16539-80.
United States Tax Court
T.C. Memo 1982-697; 1982 Tax Ct. Memo LEXIS 62; 45 T.C.M. (CCH) 241; T.C.M. (RIA) 82697; November 29, 1982. Don *63 E. Olsen, pro se. Allen Sims, for Petitioner Marjorie T. Olsen. R. Alan Lockyear, for the Respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1976 in the amount of $21,092, together with additions to tax under section 6653(a) in the amount of $1,055. [1] After concessions by both parties, the issues which remain for us to determine are: (1) the correctness of respondent's redetermination of petitioners' taxable income for the year 1976, using the bank deposits method; (2) the liability of petitioner Don E. Olsen for self-employment tax; (3) the propriety of additions to tax under section 6653(a); and (4) whether petitioner Marjorie E. Olsen is properly to be relieved from liability for any resulting deficiency, additions and interest, under the provisions of section 6013(e). Petitioners, who were married throughout the year 1976, *64 filed a joint Federal income tax return for that year. At the time of filing their petition herein, petitioners, who were divorced in 1977, lived at separate addresses in Salt Lake City, Utah, to which duplicate notices of respondent's statutory notice of deficiency were sent. During 1976, petitioner Don E. Olsen (hereinafter "Don") operated a sole proprietoriship known as Don Olsen Trailers. Petitioner Marjorie T. Olsen (hereinafter "Marjorie") was employed by the Sperry Rand Corporation, maintained a separate personal checking account in her own name, and knew little about the operations of Don Olsen Trailers. Don maintained a separate business checking account under the name Don Olsen Trailers. That account was used for the business operations of Don's business, which was the retail sales of horse trailers, together with monies derived from Don's dealings in automobiles. Don failed to maintain adequate records from which the taxable income of his business could be determined. Upon audit of petitioners' 1976 return, respondent accordingly redetermined his income by use of the bank deposits method, which resulted in respondent's determination that petitioners had unreported *65 taxable income in the amount of $52,465, consisting of Don's unreported business gross income in that amount. Respondent's determination was based upon the following computation: Total deposits to business bank account
[2] $199,227.00
Add: Business expenses paid in cash
3,243.00
Balance
$202,470.00
Subtract: Checks paid to the order or "cash"
$1,533.00
Loan proceeds deposited
40,709.00
Taxes and fees deposited
4,335.00
Redeposits
6,824.00
Customer refunds
835.00
54,236.00
Total gross receipts as corrected
$148,234.00
Gross receipts reported
95,769.00
Increase in taxable income
$ 52,465.00
As the result of stipulations entered into between the parties prior to trial, and as the result of further concessions made by respondent at trial, respondent has conceded that his original computation should be amended in petitioners' favor so as to exclude from the total bank deposits additional amounts which have been identified as nonincome items. Pursuant to such recomputation, and giving effect to all respondent's concessions, as above, the remaining unexplained bank deposits *66 which respondent has treated as taxable income are as follows: Total deposits to business bank account
$199,227.00
Add: Business expenses paid in cash
3,243.00
Balance
$202.470.00
Subtract non-income items: Checks paid to order of cash
$1,533.00
Loan proceeds deposited
53,414.00
Taxes and fees deposited
6,012.75
Redeposits
14,324.00
Customer refunds
835.00
Federal tax refund
740.95
State tax refund
68.00
Cadillac transaction
150.00
Total non-income deposit items
77,077.00
Gross receipts as adjusted
125,392.30
Gross receipts reported on return
95,769.00
Unexplained gross receipts
29,623.30
Less: Additional cost of goods sold as
conceded by respondent
14,477.00
Additional gross income
$ 15,146.30
Where no adequate books and records have been kept from which the taxpayer's income may be determined (and Don has conceded this is the case), respondent may reconstruct income by any reasonable method, section 446(b); , and the use of the bank deposits method is such a reasonable method, , *67 affd. . Respondent's determination based upon a reasonable method is presumptively correct, cf. , affg. a Memorandum Opinion of this Court and petitioner has the burden of proof to show error therein. ; Rule 142(a). We hold that petitioner Don Olsen has failed to carry his necessary burden of proof to show error in respondent's determination, over and above the amounts which the parties stipulated prior to trial, plus additional amounts conceded by respondent at trial. We accordingly find that petitioner Don Olsen had additional unreported income from his business operations in 1976 in the amount of $15,146.30. Since the above finding involves additional unreported business income from the conduct of a proprietorship business, it constitutes self-employment income within the meaning of section 1402. The joint return filed by petitioners for 1976 showed a net loss from self-employment of $1,980, and petitioner Don Olsen's liability for self-employment tax must be recomputed accordingly. With respect to *68 the issue concerning additions to tax under section 6653(a), as determined by respondent, the burden of proof on this issue is likewise on petitioners. . Petitioners offered no satisfactory explanation of any kind as to the failure to keep adequate business records, and we must accordingly approve respondent's determination on this point. The only issue remaining for disposition is whether Marjorie should be relieved of liability for any deficiencies and additions to tax herein, under the provisions of section 6013(e). Respondent has stipulated and conceded that Marjorie is entitled to relief under the provisions of this section, if we find that Don's understatement of gross income is in excess of 25 percent of the gross income reported in the joint return for 1976. All respondent's adjustments in his statutory notice were with respect to Don's income, and Marjorie is involved herein solely by reason of having filed a joint return with Don. The relevant statutory provisions are set forth in the following footnote. [3]
*69 The percentage of unreported gross income for purposes of section 6013(e) is computed as follows: Correct gross income for section 6013(e) purposes: Don's Schedule C gross receipts
$125,392.30
Marjorie's wages
9,219.00
State tax refund
138.00
Total Gross Income
$134,749.30
Gross Income as reported: Don's Schedule C gross receipts
$95,769.00
Marjorie's wages
9,219.00
State tax refund
138.00
105,126.00
Gross Income Unreported
$ 29,623.30
Percentage of gross income unreported:
28.18%
$29,623.30 / 105,126.00
Since the omission of gross income in the petitioners' 1976 joint return was in excess of 25 percent, as defined by section 6013(e), it follows that Marjorie is entitled to be relieved from liability for the deficiency, addition to tax and interest, resulting from our decision. To give effect to the concessions by the parties on other issues, as well as our disposition of the issues herein, Decision will be entered under Rule 155.
Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, as in effect in the year in issue, unless otherwise noted.↩
2. This figure is stipulated by the parties to be correct.↩
3. The relevant portion of section 6013(e) provides: (e) Spouse Relieved of Liability in Certain Cases.-- (1) In general. Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) * * * (C) * * * then the other spouse shall be relieved for liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. (2) Special Rules. -- For purposes of paragraph (1) -- (A) * * * (B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A). The relevant portion of section 6501(e)(1)(A) provides of follows: (A) General rule. - * * * For purposes of this subparagraph -- (i) In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; * * *.↩